UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VALDISSA ROBINSON,

                    Plaintiff,

         -against-

NEW YORK STATE OFFICE OF CHILDREN
AND FAMILY SERVICES; GLEN E. HARRIS,
Administrative Law Judge; LESLIE LEITNER,
Administrative Children Services,

                    Defendants.

23-CV-4477 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action invoking the Court's federal question

jurisdiction. She seeks to "remove" Administrative Law Judge (ALJ) Glen Harris from presiding

over her upcoming "maltreatment hearing" in the Bureau of Special Hearings of the New York

State Office of Children and Family Services (OCFS). By order dated May 30, 2023, the Court

granted Plaintiff's request to proceed *in forma pauperis*, that is, without prepayment of fees.

**STANDARD OF REVIEW**

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint,

that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B);

*see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must

also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised.

*See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id*.

## BACKGROUND

Plaintiff Valdissa Robinson's claims arose in January 2021, at the OCFS at 163 West 125th Street. (ECF 1 at 5.) The following is Plaintiff's entire statement of facts:

> They have scheduled over 20 hearings with invalid misconducted actions and keep reassigning a judge I requested to be removed. I initially asked for Glen E. Harris to be removed from my case. Glen E. Harris has stated some derogatory statements to me.

(*Id.*)

The relief that Plaintiff seeks in this action is to have ALJ Glen Harris "removed from [her] case." (*Id.* at 6.)

Plaintiff attaches to her complaint a notice stating that her "maltreatment hearing" before OCFS could not be scheduled while her appeal of a Family Court order was pending with the Appellate Division. (*Id.* at 8.) According to the notice, her maltreatment hearing is now scheduled for June 5, 2023, because the Appellate Division has issued its decision.[1] (*Id.*) The notice also states that (1) because the Family Court's decision was based on the same factual issues as the maltreatment report, and the Appellate Division affirmed the Family Court order, there is an irrebuttable presumption that Plaintiff committed the maltreatment at issue; and (2) the only issue for determination at the hearing is "whether such maltreatment is relevant and reasonably related to child care related employment." (*Id.*) The notice makes no mention of ALJ Glen Harris, or of who is assigned to preside over Plaintiff's OCFS administrative matter, which apparently relates to Plaintiff's eligibility for employment in the childcare field.

Plaintiff names three defendants: the New York State OCFS in Manhattan; ALJ Glen Harris of the OCFS at 52 Washington Street in Rensselaer, New York; and Leslie Leitner, of the Administration for Children's Services (ACS), for whom Plaintiff provides an address at 151 Williams Street in Manhattan. Despite naming Leslie Leitner as a defendant, Plaintiff makes no mention of Leitner or ACS in the body of the complaint. Plaintiff has brought four prior suits in this Court against ACS employees and others arising from her Kings County Family Court proceedings. All of these suits were transferred to the United States District Court for the Eastern District of New York, where they remain pending.[2]

---

[1] Plaintiff filed this complaint on May 26, 2023, after the new hearing was scheduled but before the scheduled date, on June 5, 2023.

[2] *See Robinson et al v. Administrative Children Servs.*, No. 23-CV-01847 (S.D.N.Y. Mar. 7, 2023); *Robinson et al v. Kings County Family Court*, No. 23-CV-01848 (S.D.N.Y. Mar. 7, 2023); *Robinson et al v. New York State Court Appellant Div.*, No. 23-CV-1849 (S.D.N.Y. Mar. 9, 2023); *Robinson et al v. Kings County Family Court*, No. 23-CV-4470 (S.D.N.Y. June 2, 2023).

## DISCUSSION

### A.      Representing minor child

Plaintiff Valdissa Robinson lists her minor child as an additional plaintiff in this action but only Valdissa Robinson has signed the complaint.[3] A nonlawyer parent ordinarily cannot represent a child's interests *pro se*. *See Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990); *Tindall v. Poultney High Sch. Dist.*, 414 F.3d 281, 284 (2d Cir. 2005) (holding that it is "a well-established general rule in this Circuit that a parent not admitted to the bar cannot bring an action pro se in federal court on behalf of his or her child"). Minors "are entitled to trained legal assistance so their rights may be fully protected," and nonlawyer parents are not trained to represent competently the interests of their children. *Cheung*, 906 F.2d at 61. Moreover, "a district court has a duty to raise this issue *sua sponte*." *Thomas v. Astrue*, 674 F. Supp. 2d 507, 511 (S.D.N.Y. 2009). "In determining whether a non-attorney individual is attempting to bring an action on behalf of another, the 'threshold question' is 'whether a given matter is plaintiff's own case or one that belongs to another.'" *Machadio v. Apfel*, 276 F.3d 103, 107 (2d Cir. 2002) (quoting *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998)).

Here, Plaintiff lists her child as an additional plaintiff, even though Plaintiff has already been advised in other cases that her minor child must be represented by counsel. *See, e.g., Robinson*, No. 23-CV-1847 (ECF 5 at 1, n.1.). Because Plaintiff cannot bring a claim *pro se* on behalf of her child, the Court dismisses without prejudice any claims that Plaintiff is asserting on her child's behalf.

---

[3] Plaintiff includes in her complaint her minor child's full name, in violation of Rule 5.2(a)(3) of the Federal Rules of Civil Procedure. Accordingly, electronic access to the complaint has been restricted to parties to the action.

**B.**     **Eleventh Amendment immunity**

Plaintiff sues the OCFS, which is an agency of the State of New York, for assigning (or reassigning) ALJ Glen Harris to preside over her case notwithstanding that he allegedly made unspecified "derogatory statements." (ECF 1 at 5.) The Court construes Plaintiff's allegations that Defendant New York State OCFS violated her rights as a claim arising under 42 U.S.C. § 1983. Plaintiff's Section 1983 claim against a state agency, however, cannot proceed in federal court.

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*.

New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting Section 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). The Eleventh Amendment thus bars Plaintiff's Section 1983 claims against the New York State OCFS from proceeding in federal court. Accordingly, the Court dismisses Plaintiff's Section 1983 claim against OCFS based on Eleventh Amendment immunity.[4]

---

[4] In certain circumstances, a suit for prospective injunctive relief can proceed in federal court against an individual state official. *See Ex Parte Young*, 209 U.S. 123 (1908) (holding that state officials are not immune under the Eleventh Amendment from official-capacity claims seeking prospective injunctive or declaratory relief).

**C.      Section 1983 claims against ALJ Harris**

**1.      Damages**

Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009) ("It is well settled that judges generally have absolute immunity from suits for money damages for their judicial actions."). Judicial immunity has been extended to others who perform functions closely associated with the judicial process. *Cleavinger v. Saxner*, 474 U.S. 193, 200 (1985). This immunity "extends to administrative officials performing functions closely associated with the judicial process because the role of the 'hearing examiner or administrative law judge . . . is functionally comparable to that of a judge.'" *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) (quoting *Butz v. Economou*, 438 U.S. 478, 513 (1978)); *Rivera v. Mattingly*, 604 F. Supp. 2d 634, 638 (S.D.N.Y. 2009) (noting that judicial immunity protects OCFS administrative law judges from suit under Section 1983 but declining to extend this immunity to former OCFS Commissioner for claims not arising from an adjudicative function).

Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven*, 579 F.3d at 210. "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* (citations omitted); *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994) ("Without insulation from liability, judges would be subject to harassment and intimidation . . . ."). Instead of suing an administrative law judge for damages, "[t]hose who complain of error in [administrative] proceedings must seek agency or judicial review." *Butz*, 438 U.S. at 514. Plaintiff has not explicitly requested damages from ALJ Harris, but the Court notes that he enjoys judicial immunity from suits seeking damages.

2.      **Injunctive relief**

Plaintiff's complaint can be understood as seeking an order declaring that ALJ Harris improperly refused to recuse himself from her case after making derogatory comments, or an order enjoining him from refusing to recuse himself in the future.

Although judicial immunity does not bar a claim for prospective injunctive relief against a judicial officer acting in her judicial capacity, *Pulliam v. Allen*, 466 U.S. 522, 541-42 (1984), in the Federal Courts Improvement Act of 1996 (FCIA), Congress amended Section 1983 to provide that, in "any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983, as amended by FCIA, § 309(c), Pub.L. No. 104–317, 110 Stat. 3847, 3853 (1996); *see also Shtrauch v. Dowd*, 651 F. App'x 72, 73 (2d Cir. 2016) ("[J]udicial immunity does not bar a claim for prospective injunctive and declaratory relief." (relying on *Pulliam*, 466 U.S. at 541-43)); *Montero*, 171 F.3d at 761 ("Montero, however, alleges neither the violation of a declaratory decree, nor the unavailability of declaratory relief. Montero's claim for injunctive relief [against Parole Commissioner performing adjudicative function] is therefore barred."); *McKeown v. N.Y. State Comm'n on Jud. Conduct*, 377 F. App'x 121, 124 (2d Cir. 2010) (summary order) ("To the extent that Appellant seeks injunctive relief against Judge Scarpino, . . . Appellant does not allege that a declaratory decree was violated or that declaratory relief was unavailable, and so § 1983 relief is not available.").

"[D]eclaratory relief against a judge for actions taken within his or her judicial capacity is ordinarily available by appealing the judge's order." *LeDuc v. Tilley*, No. 05-CV-0157, 2005 WL 1475334, at *7 (D. Conn. June 22, 2005) (collecting cases); *Salem v. Paroli*, 260 B.R. 246, 254 (S.D.N.Y. 2001) ("[B]ecause plaintiff appealed Justice Pagones's decision not to recuse himself

and both the Appellate Division, Second Department and the New York Court of Appeals denied

the appeal, declaratory relief was not 'unavailable'"), *aff'd*, 79 F. App'x 455, 456 (2d Cir. 2003)

(affirming that in the circumstances presented "all claims against Justice Pagones for injunctive

relief are barred by 42 U.S.C. § 1983").

Here, Plaintiff does not allege that any declaratory decree was violated in her

administrative case before the NYS OCFS. Plaintiff also does not allege facts showing that

declaratory relief, such as an appeal from an adverse state administrative decision, was

unavailable to her.[5] Because Section 1983 does not permit injunctive relief against a judicial

officer where declaratory relief is available, Section 1983 precludes injunctive relief against ALJ

Harris.

In addition, insofar as Plaintiff's suit seeks to enjoin future decisions on the part of ALJ

Harris, she lacks standing to request such relief. Constitutional standing requires plaintiffs to

allege an actual case or controversy. *Deshawn E. by Charlotte E. v. Safir*, 156 F.3d 340, 344

(1998). "Specifically, a plaintiff must demonstrate that (1) he or she has suffered an injury; (2)

the injury is traceable to the defendants' conduct; and (3) a federal court decision is likely to

redress the injury." *Id.* A plaintiff who seeks injunctive or declaratory relief "cannot rely on past

injury to satisfy the injury requirement but must show a likelihood that he or she will be injured

in the future." *Id.*; *see also Marcavage v. City of New York*, 689 F.3d 98, 103 (2d Cir. 2012) ("To

obtain prospective relief, such as a declaratory judgment or an injunction, a plaintiff must show,

*inter alia*, a sufficient likelihood that he [or she] will again be wronged in a similar way.")

(internal quotation marks, alterations and citations omitted).

---

[5] It is unclear from the allegations of the complaint whether Plaintiff filed a written
motion asking ALJ Harris to recuse himself, or whether any order issued denying such a request.

Plaintiff's allegations that ALJ Harris made unspecified derogatory statements and that he keeps being reassigned to her case are insufficient to establish a likelihood that she will suffer an injury actionable under federal law in the future. Plaintiff thus also lacks standing, on the basis of the facts alleged, to assert a claim for prospective injunctive relief against ALJ Harris.

**D.      Claims against Leslie Leitner**

Plaintiff does not plead any facts in the complaint about what Defendant Leslie Leitner is alleged to have done or failed to do. Plaintiff's allegations thus do not comply with Rule 8, because she does not include facts putting this defendant on notice of the claims against her. Any claim against Defendant Leitner under Section 1983 must also be dismissed because Plaintiff fails to include any allegations showing Defendant Leitner's personal involvement in a violation of Plaintiff's constitutional rights. *Spavone v. N.Y. State Dep' t of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (internal quotation marks omitted). The Court therefore dismisses Plaintiff's claims against Defendant Leitner for failure to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

**E.      Leave to Amend**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v.*

*USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because it is unclear whether Plaintiff

can allege additional facts to state a valid claim, the Court grants Plaintiff 60 days' leave to

amend her complaint to detail her claims.

In the "Statement of Claim" section of the amended complaint form, Plaintiff must

provide a short and plain statement of the relevant facts supporting each claim against each

defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff

should include all of the information in the amended complaint that Plaintiff wants the Court to

consider in deciding whether the amended complaint states a claim for relief. That information

should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do,
the approximate date and time of each event, and the general location where each
event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory
relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated her

federally protected rights; how, when, and where such violations occurred; and why Plaintiff is

entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the

original complaint, any facts or claims that Plaintiff wants to include from the original complaint

must be repeated in the amended complaint.

## CONCLUSION

The Court dismisses without prejudice any claims that Plaintiff is asserting on behalf of

her minor child. Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is

dismissed for failure to state a claim on which relief can be granted and based on Eleventh Amendment immunity.

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 23-CV-4477 (LTS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and she cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted and Eleventh Amendment immunity, and the Court will decline to exercise supplemental jurisdiction, 28 U.S.C. § 1367(c)(3), of any state law claims.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    July 10, 2023
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-


_____

_____

_____

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

_____CV_____

(Include case number if one has been assigned)

## AMENDED

## COMPLAINT

Do you want a jury trial?
☐ Yes     ☐ No

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

### A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B.   If you checked Diversity of Citizenship

#### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
(Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

Page 2

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                                    (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

_____
First Name                    Middle Initial        Last Name

_____
Street Address

_____
County, City                              State                Zip Code

_____      _____
Telephone Number                          Email Address (if available)

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

First Name                                     Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                                   State                    Zip Code

Defendant 2:

First Name                                     Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                                   State                    Zip Code

Defendant 3:

First Name                                     Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                                   State                    Zip Code

Defendant 4:

_____
First Name                          Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                        State            Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

### FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☐ No

> If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.